# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY DAVID ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1048-W |
| | ) | |
| A.J. WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed a complaint purporting to state a claim for violation of his constitutional rights under 42 U.S.C. § 1983. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court are nineteen motions by Plaintiff: twelve motions for a temporary retraining order/preliminary injunction [Doc. Nos. 16, 18 24, 27, 37, 52, 53, 54, 55, 58, 59, 60], three motions to appoint counsel [Doc. Nos. 2, 47, 50], one motion to amend complaint [Doc. No. 51], one motion for an evidentiary hearing [Doc. No. 20], and two motions to expedite judgment on his motions for a temporary restraining order/preliminary injunction [Doc. No. 65, 70]. The undersigned recommends that Plaintiff's motions be denied without prejudice to refiling.

As an initial matter, the undersigned entered an order on January 13, 2010, which specifically provided that no motions or discovery was to be filed until the Special Report was filed, unless otherwise ordered by the Court. Plaintiff has totally disregarded that order

in filing the numerous motions before the Court, which is reason enough to deny the motions. However, the undersigned has chosen to address the motions on the merits this time in order to hopefully foreclose the Plaintiff from continuing to file the same type motions.

## I. TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Great care must be used in the granting of interlocutory injunctive relief because of the extraordinary nature of that remedy. Commercial Security Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1356 (10th Cir. 1972). As a result, it may only be granted without notice to the adverse parties when the procedural safeguards of Federal Rule of Civil Procedure 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure 2d § 2952; see also Commercial Security Bank, 456 F.2d at 1356 ("We can only reiterate that Rule 65 must be strictly complied with."). Those safeguards require the movant to show that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition," and certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A). In the declarations supporting his motions, Plaintiff does not address his efforts to notify Defendants of his motions or provide any reasons for his inability to provide such notice. As a result, it is recommended that his motions for a temporary restraining order be denied. Commercial Security Bank, 456 F.2d at 1356 (reversing district court's issuance of temporary restraining order in part because court had failed to comply with Federal Rule of Criminal Procedure 65(b)).

To obtain a preliminary injunction, a party must establish: "(1) a substantial likelihood

2

of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." General Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007). Plaintiff seeks an injunction requiring Defendants to provide him with a Mesoamerican diet and various ritual items and books, which are allegedly required by his Aztec/Santeria religious beliefs, and restraining Defendants from retaliating against him by transferring him to another institution. [Doc. No. 18, at 1; Doc. No. 24, at 2; Doc. No. 27, at 1; Doc. No. 52, at 1; Doc. No. 53, at 1; Doc. No. 54, at 1; Doc. No. 55, at 1; Doc. 60, at 1; Doc. No. 58 at 1] Upon review of the motions, the undersigned finds that Plaintiff has not shown a substantial likelihood of success on the merits, or that entry of a preliminary injunction would be consistent with the public interest.

"The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." Hammons v. Saffle, 348 F.3d 1250, 1254 (10th Cir. 2003) (citing O'Lone v. Shabazz, 482 U.S. 342, 348 (1987)). Moreover, it is clearly-established law in this circuit that prisoners have a constitutional right to a diet or possession of ritual items conforming to their sincerely held religious belief, unless denying the diet or items is "reasonably related to legitimate penological interests." Beerheide v. Suthers, 286 F.3d 1179, 1185 (10th Cir. 2002).

To determine whether a logical connection exists between the prison regulation and the asserted penological interest, the court must weigh several factors. Hammons, 348 F.3d

3

at 1255. Those factors include the following: (1) "whether there is a logical connection between the prison regulation and the asserted penological interest"; (2) "whether alternative means of exercising the religious right in question remain open to inmates"; (3) "the impact the accommodation of the right in question would have on guards, other inmates, and on the allocation of prison resources"; and (4) "whether any policy alternatives exist that would accommodate the right in question at de minimis cost to the prison." Hammons, 348 F.3d at 1255.

Plaintiff argues that prison officials are required to provide him a Mesoamerican diet which conforms with his Aztec/Santeria beliefs. Plaintiff provides little information regarding the requirements of his Mesoamerican diet. In one motion, Plaintiff claims that "animals need to be spiritual[ly] sacrificed before killing and land need[s] to be spiritual[ly] clean[s]ed before plantation of veg[e]tation." [Doc. No. 27, at 2][1] Plaintiff also submits a Wikipedia article which states that "Aztecs made tortillas from the corn meal" and "Mexican cuisine continues to be based on and flavored by agricultural products contributed by the Mexicas/Aztecs and Mesoamerica." [Doc. No. 27, at 8, 9] However, Plaintiff never sets forth how the prison's current preparation of his meal deviates from the requirements of his religion and what must be done to remedy the situation. Further, Plaintiff's allegations and the submitted article fail to show that his current diet violates any of his alleged religious

---

[1] Document number 27 does not contain any page numbers. Further, several attachments are appended to the motion which are unmarked. Accordingly, the undersigned has treated the motion and attachments as one document and has inferred page numbers.

beliefs. Accordingly, Plaintiff has not shown a substantial likelihood that he will prevail on the merits of his claim that denial of a Mesoamerican diet violates his First Amendment rights.

Plaintiff also alleges that prison officials will not allow him certain ritual items which he needs so that his prayers may reach his gods and he may learn more about his religion. These items include incense, drums, animal pelts, and a religious text book. Plaintiff also asks that he be granted access to a fire pit. Again, Plaintiff provides no evidence showing that denial of these items burdens the exercise of his religion. Accordingly, Plaintiff has not shown a substantial likelihood that he will prevail on the merits of his claim that failure to allow him these objects violates his First Amendment rights.

Additionally, the undersigned finds that Plaintiff has failed to show that the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. Turner v. Safley, 482 U.S. 78, 84-85 (1987). In Turner, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

Turner, 482 U.S. at 84-85. The desired injunction would obviously interfere with prison decisionmaking, and with the prison's apparent efforts to ensure that issues regarding inmate property and diet are handled in an orderly and consistent manner. It would also interfere

5

with the broad power of prison officials to determine where Plaintiff should most appropriately be placed. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983) (prison officials have authority to move prisoners to certain facilities to further goals of prison administration); Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987) (prison officials have broad discretion "to manage and control the prison institution"). Under these circumstances, the public interest weighs against the issuance of injunctive relief. In light of the foregoing, it is recommended that Plaintiff's motions for a temporary restraining order/preliminary injunction be denied.

## II. APPOINTMENT OF COUNSEL

The district courts have broad discretion to request an attorney to represent an indigent litigant in a civil proceeding. 28 U.S.C. § 1915(e)(1); see Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). In exercising this discretion, the court must consider a number of factors, including: (1) "the merits of the litigant's claims," (2) "the nature of the factual issues raised in the claims" (3) "the litigant's ability to present his claims," and (4) "the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

After considering Plaintiff's circumstances, the undersigned finds that Plaintiff's motions should be denied. Defendants have only recently been served with process, and no special report has been filed. At this early juncture, an assessment of all factors pertinent to Plaintiff's motions is not feasible. Additionally, the issues raised in this action do not appear complex. Accordingly the undersigned recommends that Plaintiff's motions to appoint

6

counsel be denied.

### III. AMENDMENT OF COMPLAINT

At the time Plaintiff filed his complaint, the Federal Rule of Civil Procedure allowed Plaintiff to amend his complaint "once as a matter of course" anytime before the answer is filed. Federal Rule of Civil Procedure 15(a)(1)(A) (repealed Dec. 1, 2009); Livingston v. Garcia, No. 99-4218, 2000 WL 488480, at *1 n.1 (10th Cir. Apr. 26, 2000) ("Because no responsive pleadings had been filed after the first complaint, [Plaintiffs] could amend their complaint as a matter of right . . . .").[2] Rule 15 has since been amended to state that amendments as a matter of course must occur within twenty-one days after service of the responsive pleading. Rule 15(a)(1)(A). Since the Defendants have not filed their answer, Plaintiff may file an amended complaint as a matter of course. In Re Crawford, No. 07-41680, 2010 WL 908482 at *2 (Bankr. D. Kan. March 10, 2010). Thus, Plaintiff need not seek leave from the Court to amend his complaint but must file an amended complaint with the Court which supersedes and replaces his current complaint. Accordingly, it is recommended that Plaintiff's motion to amend be denied, but he may file a superseding amended complaint if he wishes to amend.

### IV. EVIDENTIARY HEARING

Plaintiff asks that the Court conduct an evidentiary hearing so that he may gather

---

[2]Unpublished disposition is cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

evidence to support the claims raised in his complaint. Motion for Evidentiary Hearing, 1. Since Defendants have only recently been served with process and no special report has been filed, an evidentiary hearing would be premature. Accordingly, the undersigned recommends that Plaintiff's motion for an evidentiary hearing be denied without prejudice.

## V.  REQUEST FOR JUDGMENT

Plaintiff requests that the Court expedite its decision on his motions for a temporary restraining order/preliminary injunction. As this Report and Recommendation renders that request moot, the undersigned recommends that the Court deny Plaintiff's requests for judgment.

## **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Plaintiff's motions for a temporary restraining order/preliminary injunction [Doc. Nos. 16, 18, 24, 27, 37, 52, 53, 54, 55, 58, 59, 60], his motions to appoint counsel [Doc. Nos. 2, 47, 50], his motion to amend his complaint [Doc. No. 51], his motion for an evidentiary hearing [Doc. No. 20], and his motions to expedite judgment [Doc. Nos. 65, 70] be denied without prejudice to refiling. Plaintiff is advised of the right to object to this Report and Recommendation by May 12, 2010, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing objections with the Clerk of the Court. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all matters referred to the undersigned

Magistrate Judge.

Dated this 22nd day of April, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE