

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

JEREMY DAVID ALLEN, )
)
Plaintiff, )
)
vs. ) No. CIV-09-1048-W
)
A.J. WHITE et al., )
)
Defendants. )

## ORDER

On December 20, 2010, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this action and recommended that the Court dismiss the matter without prejudice due to the failure of plaintiff Jeremy David Allen to exhaust his administrative remedies. Allen was advised of his right to object to the Report and Recommendation, but he has filed no objections within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of the Motions to Dismiss filed by defendants Joseph Taylor,[1] A.J. White[2] and Justin Jones[3] and Magistrate Judge Argo's finding that dismissal of this matter is warranted because Allen failed to exhaust available administrative remedies as required

---

[1] Defendant Taylor is employed by Corrections Corporation of America, Inc., as the warden of Cimarron Correctional Facility ("CCF") in Cushing, Oklahoma. Allen was incarcerated at CCF from August 18, 2009, to November 19, 2009, where the events giving rise to this lawsuit occurred. Allen is currently incarcerated at Joseph Harp Correctional Center.

[2] At all times relevant to Allen's claim regarding the denial of medical attention as a result of a vehicular accident that occurred in August 2009, defendant White was employed as a correctional officer. White was transporting Allen to CCF when White lost control of the transport vehicle and drove into a ditch.

[3] Defendant Jones is Director of the Oklahoma Department of Corrections.

by the Prison Litigation Reform Act of 1995 ("PLRA"), as amended, 42 U.S.C. § 1997e et seq.

The PLRA, upon which Taylor, White and Jones have relied, provides in relevant part that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).[4] "[E]xhaustion is mandatory under the PLRA," Jones v. Bock, 549 U.S. 199, 211 (2007), and because PLRA exhaustion is an affirmative defense, e.g., id. at 216, the burden is on the defendants to prove that Allen has failed to exhaust all available administrative remedies. E.g., Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

> [T]o properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules"–rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust."

Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). That is to say, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id.

The Oklahoma Department of Corrections ("ODOC") requires inmates prior to filing a lawsuit to timely and properly complete four (4) steps to administratively exhaust the "Inmate/Offender Grievance Process" outlined in OP-090124.[5] Section IV of OP-090124

---

[4]Exhaustion is required for Allen's claims under title 42, section 1983 of the United States Code, e.g., 42 U.S.C. § 1997e(a), as well as for Allen's claims under the Religious Land Use and Institutionalized Persons Act of 2000. E.g., 42 U.S.C. § 2000cc-2(e) (nothing in Act "shall be construed to amend or repeal" PLRA).

[5]The Court has cited to the ODOC Inmate/Offender Grievance Process, effective May 3, 2007, which was submitted as an exhibit to the Special Report [Doc. 82-7] and to the Motion to

2

outlines the two (2) informal steps. First, the inmate must try to resolve his complaint by talking with the appropriate staff member within three (3) days of the incident. OP-090124, Section IV(A). If the complaint is not resolved, the inmate proceeds to step two and must submit within seven (7) calendar days a "Request to Staff" to the appropriate staff member, "stating completely but briefly the problem." Id. Section IV(B)(1).

Section V of OP-090124 outlines the submission and review of formal grievances. If the complaint is not resolved informally, the inmate may complete and submit to the reviewing authority[6] an "Inmate/Offender Grievance Report Form" within fifteen (15) calendar days of the incident or the date of the response to the Request to Staff, whichever is later, together with the Request to Staff used in the informal process and the response thereto. Id. Section V(A). The reviewing authority screens the grievance and responds. Id. Section VI.

At step four of the grievance process, the inmate may appeal the reviewing authority's response on limited grounds to the administrative review authority.[7] Id. Section VII. Obtaining a final ruling from the administrative review authority completes the ODOC's exhaustion process. Id. Section VII(D)(1).

As stated, the inmate "must 'complete the administrative [grievance] . . . process in accordance with the [prison's] applicable procedural rules.'" Jones, 549 U.S. at 218

---

Dismiss [Doc. 83-1] filed by Taylor on May 13, 2010.

[6]OP-090124, Section I(D) defines "reviewing authority" as "[t]he facility head or facility correctional health services administrator . . . where the incident occurred and to whom the grievance is first submitted." OP-090124, Section V(A)(5) requires "[a]ll medical grievances . . . be submitted to the facility correctional health services administrator for resolution."

[7]OP-090124, Section I(E) defines "administrative review authority" as "[t]he director, chief medical officer, or their designee to whom the formal grievance is submitted for final appeal."

(quoting Woodford, 548 U.S. at 88). "'An inmate who begins the grievance process but does not complete it is barred from pursing a [federal] claim under the PLRA for failure to exhaust his administrative remedies.'" Fields v. Oklahoma State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007)(quoting Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)). "[S]ubstantial compliance [with the prison's grievance procedures] is insufficient." Id. (citation omitted).

The United States Court of Appeals for the Tenth Circuit has "examine[d] the plain meaning of the term 'available' in [section] 1997e(a) and [has found] . . . that a prisoner is only required to exhaust those procedures that he . . . is reasonably capable of exhausting." Hoover v. West, 93 Fed. Appx. 177, 181 (10th Cir. 2004)(emphasis deleted) (citation omitted)(cited pursuant to Tenth Cir. Rule 32.1). "Where prison officials prevent or thwart a prisoner from utilizing an administrative remedy [either by failing to respond to a grievance in a timely manner], they have rendered that remedy 'unavailable' and a court will deem that procedure 'exhausted.'" Id. (citations omitted).

In his complaint, Allen has contended that he was denied access to the courts, that he was denied medical attention, that he was denied his right to practice his religion and denied his right to equal treatment. Acknowledging Allen's arguments that the defendants allegedly hindered his ability to exhaust his administrative remedies, the Court finds that the instant record amply demonstrates that Allen never properly submitted a grievance or a grievance appeal in accordance with the ODOC's "Inmate/Offender Grievance Process" outlined in OP-090124 with regard to any of the claims he has asserted in this lawsuit. See Jernigan, 304 F.3d at 1033 (inmate who fails to employ available grievance procedures

when grievances were unanswered fails to exhaust administrative remedies). Accordingly, the Court finds Allen's claims should be dismissed without prejudice.

The Court therefore

(1) ADOPTS the Report and Recommendation [Doc. 117] issued on December 20, 2010;

(2) GRANTS the Motion to Dismiss [Doc. 83] filed by defendant Taylor on May 18, 2010, to the extent Taylor has argued that Allen failed to exhaust his administrative remedies;

(3) GRANTS the Motion to Dismiss/Motion for Summary Judgment [Doc. 87] filed on May 24, 2010, by defendants White and Jones to the extent these defendants have argued that Allen failed to exhaust his administrative remedies;

(4) DENIES the following motions filed by Allen as well as any relief requested in the following papers filed by Allen:

    (a) Request for Judgement [Doc. 75] file-stamped April 27, 2010;

    (b) Request for Redress [Doc. 81] file-stamped May 12, 2010;

    (c) Notice of Objection - Motion to Dismiss Attorney [Doc. 85] file-stamped May 21, 2010;

    (d) Request for Default Judgment [Doc. 86] file-stamped May 21, 2010;

    (e) Motion for Summary Judgment [Doc. 89] file-stamped May 27, 2010;

    (f) Motion for Discovery [Doc. 91] file-stamped June 3, 2010;

    (g) Application for Redress [Doc. 99] file-stamped June 11, 2010;

(h) Request and Question[naire] [Doc. 100] file-stamped June 17, 2010;

(I) Im[m]ediate Emergency Request for Injunctive Relief [Doc. 105] file-stamped June 21, 2010; and

(j) Emergency Add[en]dum [Doc. 111] file-stamped July 23, 2010; and

(5) DISMISSES this matter without prejudice.

ENTERED this 25th day of January, 2011.

*LEE R. WEST*
*UNITED STATES DISTRICT JUDGE*